IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 04-cv-02663-EWN-OES


DONALD E. WEBSTER,

Plaintiff,

vs.

MR. B. KURTZ,
MR. P. PACHECO,
MR. B. MARQUEZ,
MRS. A. MATTA, in their individual capacities,

Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Entered by O. Edward Schlatter, United States Magistrate Judge.**

This matter is before me on Defendants' Motion to Dismiss Plaintiff's Complaint,

Or, In The Alternative Motion For Summary Judgment.  This case has been referred to

me under a General Order of Reference, pursuant to 28 U.S.C. § 636(b)(1)(A)&(B) and

D.C.COLO.LCivR 72.1, to provide a recommendation on this motion.  The parties'

rights to seek review or reconsideration of this Recommendation, by filing objections

within ten days, are attached hereto, and are entitled "Advisement Under Fed. R. Civ.

P. 72."  As set forth below, I recommend that defendants' motion be denied, but that

this action be dismissed, without prejudice, based upon plaintiff's failure to exhaust his

administrative remedies.

### BACKGROUND

Plaintiff, a state prisoner, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights in connection with prison disciplinary proceedings arising out of a charge against him of possession or use of dangerous drugs for which he was sanctioned 60 days loss of privileges and loss of 30 days of good-time credits.  He alleges that the conviction was reversed on administrative appeal for procedural errors, and on April 31, 2004, ordered expunged from his prison record.

In his first claim, plaintiff contends that defendant Marquez filed a false charge against him and that defendant Pacheco found him guilty, despite false evidence and procedural violations.  On the basis of these allegations, he argues that his due process rights were violated.  In his second claim, plaintiff asserts a violation of his First Amendment Rights based on retaliation by prison officials.   Plaintiff alleges that on April 2, 2004, defendant Kurtz suspended his visiting privileges for six months, three days before the hearing was held on his disciplinary charge, and that defendant Kurtz continued to suspend the plaintiff's visiting privileges even after the disciplinary conviction was reversed and expunged from his prison record.  He argues a due process violation in his third claim based on allegations that on July 8, 2004, defendant Matta determined that his visiting privileges should not be reinstated because of the positive urinalysis that lead to his disciplinary charge for possession or use of dangerous drugs, despite the fact that the plaintiff's disciplinary conviction was reversed and expunged.

Defendants have challenged the plaintiff's claims in their Motion To Dismiss or,

2

in the alternative, Motion For Summary Judgment.  Defendants argue that because plaintiff has not demonstrated a physical injury, provisions of the Prisoner Litigation Reform Act ("PLRA") which require the showing of such an injury preclude any recovery in this case.  Defendants further contend that plaintiff has failed to state a claim upon which relief can be granted, because the reversal of his disciplinary conviction negates his first claim, and restrictions on prisoner visitation do not violate due process. Plaintiff strenuously resists the defendants' motion.

## DISCUSSION

**I.    Standard of Review.**

Defendants bring this motion pursuant to Fed.R.Civ.P. 12(b)(6), alleging that plaintiff has failed to state a claim upon which relief can be granted, and pursuant to Fed.R.Civ.P. 56, contending that no genuine issue of material fact exists and they are entitled to judgment as a matter of law.  A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that a plaintiff can prove no set of facts which would entitle him to relief.  See Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003).  In evaluating a 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party."  Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).  The issue in reviewing the sufficiency of plaintiff's Complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *(overruled on other grounds by* Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

3

Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. <u>See</u> Fed.R.Civ.P. 8(a); <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. <u>Hall</u>, 935 F.2d at 1110. A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" <u>Curley v. Perry</u>, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (*quoting* <u>Hall</u>, 935 F.2d at 1110 (additional quotation marks omitted)).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." <u>Jenkins v. Wood</u>, 81 F.3d 988, 990 (10th Cir. 1996) (*quoting* Fed.R.Civ.P. 56(c)). The court must consider the record, and all reasonable inferences therefrom, in the light most favorable to the party opposing the motion. <u>Adler v. Wal-Mart Stores, Inc.</u>, 144 F.3d 664, 670 (10th Cir. 1998).

The party moving for summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the nonmoving party's

4

claims. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).  The burden then shifts to the nonmoving party to establish the existence of an essential element of the claims on which they bear the burden of proof at trial. <u>Id</u>. "While the movant bears the burden of showing the absence of a genuine issue of material fact, the movant need not negate the nonmovant's claim." <u>Jenkins</u>, 81 F.3d at 990.

To satisfy his or her burden, the nonmoving party must go beyond the pleadings and designate specific facts to make a showing that there is a genuine issue for trial. <u>Ford v. West</u>, 222 F.3d 767, 774 (10th Cir. 2000) (<i>quoting</i> <u>McKnight v. Kimberly Clark Corp.</u>, 149 F.3d 1125, 1128 (10th Cir. 1998)).  In order to successfully resist summary judgment, there must be sufficient evidence on which a jury could reasonably find for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251 (1986).  "The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is 'genuine'; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." <u>Lawmaster v. Ward</u>, 125 F.3d 1341, 1347 (10th Cir. 1997).

Because the plaintiff is proceeding without counsel, the court must construe his pleadings and other filings liberally. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Hall</u>, 935 F.2d at 1110.  However, as mentioned previously, the court should not be the <i>pro se</i> litigant's advocate. <u>Hall</u>, 935 F.2d at 1110.

**II.    Plaintiff's Claims.**

**A.    Physical injury requirement under PLRA.**

Plaintiff's claims are governed by the PLRA which provides, in pertinent part,"no

5

Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  By its plain language, § 1997e(e) requires a prisoner to allege a physical injury to bring a claim for "mental or emotional injury."  The Tenth Circuit has held that this requirement clearly applies to claims for compensatory damages, but does not affect claims for nominal damages[1], punitive damages, and declaratory or injunctive relief.  See Searles v. Van Bebber, 251 F.3d 869, 879-81 (10th Cir. 2001) (nominal and punitive damages); Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 808 (10th Cir. 1999) (declaratory and injunctive relief).  In his Complaint, plaintiff requests nominal, compensatory and punitive damages, along with potential declaratory relief and costs of litigation.

Plaintiff argues that he is not constricted by the PLRA in the relief that he seeks, because he has not alleged mental or emotion injury but, instead, a violation of his "absolute" constitutional rights for which his remedies should not be limited.  The Tenth Circuit has opined, however, that "the underlying substantive violation, . . . , should not be divorced from the resulting injury."  Searles, 251 F.3d at 876.  Plaintiff has alleged no compensable injury outside of the constitutional violations he has alleged. Accordingly, because mental or emotional injuries would be the only cognizable injuries attributable to plaintiff's claims, compensatory damages are directly barred by § 1997e(e), but plaintiff may proceed in seeking nominal and punitive damages and the

---

[1]In Colorado, as a matter of law, nominal damages are one dollar.  Colo. Inv. Servs., Inc. v. Hager, 685 P.2d 1371, 1375 (Colo.Ct.App. 1984).

6

equitable relief set forth in his Complaint.  Therefore, defendants' motion in this regard should be granted, in part, and denied, in part.

      **B.    Claim One.**

      In his first claim, plaintiff alleges that he was denied a fair and impartial disciplinary hearing, and that defendants filed a false disciplinary charge against him in violation of his due process rights.  Defendants argue that even if there was a due process violation, the claim has become moot because plaintiff received the further "process" of an administrative appeal which resulted in reversal of the conviction and the matter was expunged from his record.

      While a number of federal courts have held that the effect of a successful administrative appeal is to 'cure' any procedural defect that may have occurred at the disciplinary hearing, see Morissette v. Peters, 45 F.3d 1119, 1122 (7th Cir. 1995); Young v. Hoffman, 970 F.2d 1154, 1156 (2d Cir. 1992); Harper v. Lee, 938 F.2d 104, 105-05 (8th Cir. 1991), in an unpublished opinion, the Tenth Circuit has declined to follow that logic if the prisoner has experienced "harm" as a result of the denial of due process, see Traylor v. Denton, 1994 WL 596630 (10th Cir. 1994).  In Traylor, the appellate court found that the disciplinary sanction served prior to administrative reversal and dismissal of the disciplinary charges against the prisoner was a harm experienced by the prisoner which had not been cured.  See Traylor, 1994 WL 596630 at *3.

      In this case, plaintiff alleges that he was sanctioned to a loss of privileges for 60 days and loss of 30 days good time.  See COMPLAINT, Docket #3, p. 4.  While the

defendants argue that the sanction was never enforced, and was expunged from the plaintiff's record, the plaintiff specifically contends that his visitation privileges remain restricted based upon the possession or use of dangerous contraband charge for which he was not convicted.  Even though it is clear that no inmate has a constitutionally protected right to unrestricted visitation, <u>Kentucky Dep't of Corrections v. Thompson</u>, 490 U.S. 454, 460 (1989), the state may still create a protected interest when loss of such a privilege is an "atypical" sanction, which imposes "significant hardship on the inmate in relation to the ordinary incidents of prison life," <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995).  Plaintiff alleges in his Complaint that Administrative Regulations 150-1 and 850-3 indicate that the Colorado Department of Corrections ("CDOC") will attempt to restore an offender to privileges lost when a conviction is reversed on appeal.  <u>See</u> COMPLAINT, Docket #3, p. 6.  Accordingly, accepting as true plaintiff's allegations that his visitation privileges were not restored, as is appropriate under the Rule 12(b)(6) argument made by the defendant, he has sufficiently alleged an atypical sanction which would demonstrate harm as the result of a denial of due process which has not been cured to allow him to survive dismissal at this juncture.  Therefore, defendants' motion should be denied in this regard.

### B.    Claims Two and Three.

Defendants appear to argue that because there is no constitutionally protected right to visitation, and CDOC regulations do not create any liberty interest in visitation, plaintiff's second and third claims must be dismissed.  However, the allegations of plaintiff's second claim arguably assert that defendant Kurtz has retaliated against him

by restricting his visiting privileges, because the plaintiff administratively challenged the disciplinary conviction against him and was successful.  "The existence of an improper motive for disciplining a prisoner which results in interference with a constitutional right" may give rise to a cause of action under § 1983.  Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990).  Because a prisoner must utilize the grievance system in order to ultimately gain access to courts to state a claim for relief under 42 U.S.C. § 1997e, then punishing him for actually utilizing the system would state a claim for both an access to courts and a First Amendment violation.  See Id. ("It is also one aspect of the First Amendment right to petition the government for redress of grievances."); see, also, Purkey v. Green, 2001 WL 998057(10th Cir. 2001) (the right of inmates to be free from interference with their right of access to the courts through retaliatory interference with the grievance procedure is clearly established).  Additionally, however, an inmate must sufficiently allege that utilizing the grievance process was the "but for" cause of his discipline.  See Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998).  While the defendants have supplied evidence to demonstrate that on March 27, 2004, a urine sample provided by the plaintiff tested positive for THC (cannabinoid), see DEFENDANTS' MOTION TO DISMISS/SUMMARY JUDGMENT, Docket #16,  Exh. B, the fact still remains that the disciplinary conviction against him in this regard was reversed and an Expungement Order issued.  Accepting the plaintiff's factual allegations in his Complaint as true and viewing them in the light most favorable to him, he has alleged a claim of retaliation sufficient to survive dismissal under Rule 12(b)(6).  Accordingly, defendants' request for dismissal of plaintiff's second claim should be denied.

9

With regard to plaintiff's third claim, which asserts a due process violation against defendant Matta for continued enforcement of the visitation restrictions on the plaintiff despite the reversal of the disciplinary charge against him and expungement of the matter from his record, the defendants' request for dismissal should also be denied. As discussed with regard to plaintiff's first claim, accepting as true plaintiff's allegations that his visitation privileges were not restored as provided under CDOC regulations, he has sufficiently alleged an atypical sanction which would demonstrate harm as the result of a denial of due process which has not been cured to allow him to survive dismissal at this juncture of litigation.

**III.    Failure to Exhaust Administrative Remedies.**

The plaintiff's Complaint is governed by the PLRA, which provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (emphasis added).

Exhaustion is a pleading requirement, rather than an affirmative defense. See Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003). Plaintiff has pled that the "[g]rievance system cannot be used on disciplinary matters pursuant to the [CDOC] Regulation 850-04." COMPLAINT, Docket #3, p. 7. While the plaintiff is correct in that "Code of Penal Discipline convictions, administrative segregation placements, and decisions of the Reading Committee have exclusive appeal

procedures," and therefore cannot be grieved,[2] plaintiff has filed this lawsuit and seeks

redress based on allegations of his constitutional rights being violated - not as a

challenge to or appeal of his disciplinary conviction.  CDOC Regulation 850-04

provides that the grievance system can be invoked "in a broad range of complaints

including, but not limited to: . . . , actions by employees and offenders, and incidents

occurring within the institution that affect the offender personally."  See CDOC

Administrative Regulation 850-04, § IV(B)(1)(b).  Therefore, an avenue of

administrative remedy was available to the plaintiff with regard to his claims that his

constitutional rights have been violated by actions or incidents involving prison officials.


        The United States Supreme Court has held that § 1997e(a) makes exhaustion

"mandatory" for all "inmate suits about prison life."  Porter v. Nussle, 534 U.S. 516, 524,

532 (2002); see, also, Booth v. Churner, 532 U.S. 731 (2001).  "Resort to a prison

grievance process must precede resort to a court."  Porter, 534 U.S. at 529.

Exhaustion of administrative remedies is required even when the available

administrative remedies appear futile, as long as authorities at the administrative level

have some authority to take some responsive action.  Booth, 532 U.S. at 740

("Congress has mandated exhaustion clearly enough, regardless of the relief offered

---

        [2]I may take judicial notice of court documents and matters of public record.  See,
e.g., Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017-18 (5th Cir. 1996);
Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994); see, also, Southmark
Prime Plus, L.P. v. Falzone, 776 F.Supp. 888, 892 (D.Del. 1991).  Administrative
Regulations of the CDOC are a matter of public record, and can be found at
www.doc.state.co.us/admin_reg/adminreg.htm.

through administrative procedures.").  Even if the prisoner was confused with regard to the prison grievance system, and understood his claim to be non-grievable, exhaustion is required.  See Steele, 355 F.3d at 1214.  Congress has eliminated the courts' discretion to dispense with administrative exhaustion and to impose any condition that administrative remedies be plain, speedy, and effective.  Booth, 532 U.S. at 740.

Further, § 1997e(a)'s exhaustion requirement is not an affirmative defense, and cannot be waived by a defendant.  Steele, 355 F.3d at 1209.  Plaintiff's failure to adequately plead exhaustion amounts to a failure to state a claim upon which relief can be granted.  Id. at 1210.  When a prisoner fails to state a claim, the PLRA requires the court to dismiss the complaint *sua sponte*.  See 42 U.S.C. § 1997e(c)(1).

Here, plaintiff admits he has not attempted to utilize the prison grievance system, and even if he was mistaken in the assumption that the grievance system could not provide him with relief or that his claims could not be presented through the system, his failure to utilize the system cannot be excused.

Moreover, a prisoner "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default."  Jernigan v. Stuchell, 304 F.3d 1030, 1033 (10th Cir. 2002).  If plaintiff should now attempt to rectify his failure to exhaust his administrative remedies by submitting grievances through the proper procedures in this regard, they would most likely be barred as untimely.  The Tenth Circuit has held that "[a] prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted.  Regardless of whether

12

a prisoner goes through the formality of submitting a time-barred grievance, he may not successfully argue that he had exhausted his administrative remedies. . . ." Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004).  As the federal appellate court has concluded, "[a]llowing prisoners to proceed to federal court simply because they have filed a time-barred grievance would frustrate the PLRA's" policy goals.  Id.

Accordingly, plaintiff has clearly not exhausted his administrative remedies with regard to the claims of constitutional violation alleged in his Complaint.   Additionally, on the facts alleged, allowing the plaintiff an opportunity to amend his pleading in this regard would be futile.  In Ross, the Tenth Circuit applied a total exhaustion rule, stating that if a prisoner files a complaint which contains one or more unexhausted claims, "the district court ordinarily must dismiss the entire action without prejudice." Ross, 365 F.3d  at 1190.  Plaintiff has not administratively exhausted his claims against defendants which he brings in this lawsuit.  Accordingly, dismissal of this action, without prejudice, for failure to exhaust administrative remedies as directed by Ross is warranted.

## CONCLUSION

Based upon the foregoing, and the entire record herein, it is hereby RECOMMENDED that the Defendant's Motion To Dismiss Plaintiff's Complaint, Or, In The Alternative Motion For Summary Judgment [Filed March 23, 2005; Dockets #16-1 and #16-2] be DENIED.  However, it is further RECOMMENDED that this lawsuit be dismissed, *sua sponte* and without prejudice, in its entirety based upon plaintiff's failure to exhaust his administrative remedies.

13

Dated at Denver, Colorado, this 15th day of December, 2005.

BY THE COURT:


s/ O. Edward Schlatter

_____
O. Edward Schlatter
United States Magistrate Judge

## ADVISEMENT UNDER FED. R. CIV. P. 72

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  FED. R. CIV. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court.  Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).