IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–02663–EWN–MEH

DONALD E. WEBSTER,

    Plaintiff,

v.

MR. B. KURTZ,
MR. P. PACHECO,
MR. B. MARQUEZ,
MRS. A. MATTA,
in their individual capacities,

    Defendants.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

Plaintiff, a prisoner in the custody of the Colorado Department of Corrections ("CDOC"), alleges that the prison officials named as Defendants violated his federal civil rights. The matter is before the court on the "Recommendation of United States Magistrate Judge" filed December 15, 2005. The recommendation is that Plaintiff's case be dismissed because he has failed to exhaust his administrative remedies, in violation of 42 U.S.C.A. § 1997e(a) (2006). Plaintiff has objected to the recommendation. He argues that he has exhausted "such administrative remedies as are available," *id.*, and has thus complied with section 1997e(a). The question presented is what remedies were available to Plaintiff under the CDOC's regulations.

The standard of review which this court employs in considering a magistrate judge's submissions depends upon whether the matter before the court and magistrate judge is viewed as

dispositive or non-dispositive. For dispositive matters such as dismissal of a case, a district court assessing a magistrate judge's findings of fact and recommendations for disposition must make a "de novo determination of those portions of the [recommendation] . . . to which objection is made." *See* 28 U.S.C.A. § 636(b)(1) (2006); Fed. R. Civ. P. 72(b). "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989).

In this case, Plaintiff was disciplined for possession or use of dangerous drugs. He alleges that the disciplinary conviction was reversed on administrative appeal for procedural errors. He also states that, on April 31[sic], 2004, the disciplinary conviction was ordered expunged from his prison record.

Plaintiff asserts three claims here. First, Plaintiff claims that his right to due process of law was violated when Defendant Marquez allegedly filed a false disciplinary charge and when Defendant Pacheco thereafter found him guilty of the charge on the basis of this false information. Second, Plaintiff claims that his first amendment right to petition for redress of grievances was somehow violated by Defendant Kurtz when Kurtz allegedly retaliated against him (apparently for defending the disciplinary proceedings) by suspending his visiting privileges, even after the disciplinary conviction had been expunged. Third, Plaintiff claims that his due process rights were violated when Defendant Matta refused to reinstate his visiting privileges, citing the positive urinalysis underlying his disciplinary conviction, even though that conviction had been expunged.

As the magistrate judge suggests, the CDOC has established an administrative grievance procedure. *See* ADMIN. REG. CDOC #850–04, *found at*

www.doc.state.co.us/admin_reg/adminreg.htm.  The purpose of the procedure is "to maintain a grievance process . . . available to all offenders, which provides an open and meaningful forum for their complaints."  *Id.* § II.  A prisoner is "entitled to invoke this grievance procedure in a broad range of complaints including, but not limited to:  policies and conditions within the institution that affect the offender personally, *actions by employees* and offenders, and *incidents occurring within the institution* that affect the offender personally."  *Id.* § IV.B.1.b.  (Emphasis supplied.)

Plaintiff maintains that the generality of the grievance procedure, as well as its applicability here, is limited by a clause in the procedure itself.  Specifically, the applicable regulation provides that the grievance procedure may not be invoked to, *inter alia*, "seek review of COPD [Code of Penal Discipline] convictions."  *Id.* § IV.A.4.  The regulation explains that "Code of Penal Discipline convictions . . . have exclusive appeal procedures."  *Id.*

The court does not read the COPD exception as broadly as does Plaintiff.  The exception plainly applies to direct administrative appeals of disciplinary convictions, not to every claim which is somehow related to the conviction.  Where a prisoner seeks to challenge such a conviction, he must follow the rules, procedures, and standards outlined in the COPD, not those contained in the grievance section of the regulations.  Plaintiff has done that — successfully, according to him.  Plaintiff may be right that, under *Heck v. Humphrey*, 512 U.S. 477 (1994), reversal of the disciplinary conviction was a necessary predicate for his civil rights suit, but it does not follow that it is the only predicate or that he can by-pass administrative remedies which are another predicate.  Since the COPD does not govern the claims here, the grievance procedures apply and are thus an "available" administrative remedy.  Since Plaintiff has plainly failed to utilize those procedures, his claims must be dismissed.  Accordingly, it is

**ORDERED** as follows:

1. The recommendation is ACCEPTED.

2. The motion to dismiss(#16) is GRANTED, and the case is DISMISSED without prejudice for failure to exhaust available administrative remedies..

3. All other pending motions are DENIED as moot.

DATED this 31st day of March, 2006.

                                              BY THE COURT:

                                              s/ Edward W. Nottingham
                                              EDWARD W. NOTTINGHAM
                                              United States District Judge